IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DORRELL R. COULTHRUST,

        Plaintiff,

v.                                                               No. CIV 06-24 RB/RHS

ALLEN COOPER AND V. ALLEN,

        Defendants,

**consolidated for all purposes into**:

PATRICK DEMARCAD PRYCE,

        Plaintiff,

v.                                                             No. CIV 06-18 JH/LFG

ALLEN COOPER AND V. ALLEN,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT ALLEN'S MOTION TO DISMISS**

**Introduction**

THIS MATTER[1] is before the Court on Defendant Victoria Allen's ("Allen") Motions to Dismiss, filed on April 17, 2006 in Coulthrust (No. CIV 06-24) [Doc. No. 13] and on May 1, 2006 in Pryce (No. CIV 06-18) [Doc. No. 14.]  Coulthrust filed a response on April 24, 2006 [Doc. No.

---

[1]On June 2, 2006, the Court entered an Order consolidating the above-captioned cases.  Thus, this Memorandum Opinion and Order resolves the almost identical motions to dismiss filed by Defendant Allen in both cases.

1

15], and Pryce filed his response on May 10, 2006 [Doc. No. 16]. The time for filing a reply has passed. Thus, the motions are fully briefed and ready for resolution.

**Procedural Background**

Pryce and Coulthrust ("Plaintiffs") are federal inmates both currently incarcerated at Cibola County Correctional Center ("Cibola") in Milan, New Mexico, which is a private prison operated by Corrections Corporation of America ("CCA"). *See* Prisoner's Civil Rights Complaints filed in both cases. [Doc. Nos. 1 in Nos. CIV 06-18 and 06-24.] Plaintiffs both sue Allen Cooper, the Warden at Cibola, and Victoria Allen, the Food Service Administrator at Cibola. According to Allen's motions to dismiss, she is employed by Compass Group USA, Inc. d/b/a Canteen Correctional Services, Inc. ("Canteen"), a private corporation contracted by CCA to provide food services at Cibola. [Id.]

Plaintiffs filed their similar civil rights complaints in January 2006, alleging violations of First Amendment, equal process and due process rights. Plaintiffs contend, *inter alia,* that Defendants have failed to provide them with food that satisfies their religious dietary laws. Plaintiffs further allege that their religious beliefs are that of Rastafarian, that they sincerely adhere to these religious beliefs, that these beliefs include a vegetarian diet which Plaintiffs contend is not being provided, and that the meals must meet Kosher standards which purportedly are not being met. Plaintiffs both allege that they satisfied their administrative remedies by filing grievances at Cibola and have attached copies of grievances, responses by Cibola and appeals or attempted appeals.

The Court permitted Plaintiffs to file amended complaints, and both Plaintiffs did so in February 2006. [Doc. Nos. 7 in Nos. CIV 06-18 and CIV 06-24.] The Amended Complaint normally would supercede the original complaint, but in these cases, Plaintiffs simply supplemented

their original complaints. Defendant Cooper filed Answers in both cases. Defendant Allen filed motions to dismiss in both cases in lieu of filing answers. As stated before, both cases were consolidated by the Court, for all purposes, on June 2, 2006.

## Defendant Allen's Motion to Dismiss

Allen brings motions to dismiss under Rule 12(b)(6) and asks that the Court dismiss both inmates' complaints against her for failure to state a claim under 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). She argues specifically that Bivens does not confer a cause of action against private individuals under the circumstances of these cases, that § 1983 claims apply only to persons acting under color of state law, rather than federal law, and that Plaintiffs failed to state a valid constitutional claim against her.

## Rule 12(b)(6) Legal Standard

A 12(b)(6) motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts, and reads all reasonable inferences in favor of the plaintiff. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The issue is not whether the plaintiff will prevail, but whether he is entitled to offer evidence in support of his claim(s). Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984).

The Tenth Circuit has also observed that the federal rules "erect a powerful presumption against rejecting pleadings for failure to state a claim." Maez v. Mountain States Tel. and Tel., Inc.,

54 F.3d 1488, 1496 (10th Cir. 1995) (internal citation omitted). Nonetheless, a plaintiff must allege sufficient facts to outline a cause of action. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In this case, Plaintiffs are proceeding *pro se*. While the Court should liberally construe a *pro se* plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

## Analysis

### I. BIVENS ACTION ASSERTED AGAINST PRIVATE PRISON CONTRACTORS

Allen states that she is an employee of Canteen, a private company, that contracts to provide food services at Cibola on behalf of CCA. She argues that Bivens does not confer a private right of action for damages against a private prison contractor or its individual employees (like Allen), unless an alternative remedy under state or federal law is unavailable. In support of this proposition, Allen cites Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70-74 (2001) and Peoples v. CCA Det. Ctrs., Inc., 422 F.3d 1090, 1101-1103 (10th Cir. 2005).[2]

The United States Supreme Court's decision in Malesko does not directly support Allen's position. In Malesko, the Supreme Court held that there was no implied private right of action for damages under Bivens against private entities that engaged in alleged constitutional deprivations, while acting under color of federal law. Malesko, 534 U.S. at 70-71. In other words, Malesko addressed whether a private corporation could be sued under Bivens, rather than individual employees of the private corporation. *See* Peoples v. Corrections Corp. of America, 2004 WL 2278667 (D.

---

[2]Allen mis-cited the Peoples' decision as being from the 11th Circuit. The Tenth Circuit Court of Appeals issued the Peoples' decision.

Kan. 26, 2004) ("Peoples 2004") (Malesko did not address whether a Bivens action might lie against individual employees of a private contractor); *see also* Purkey v. CCA Detention Center, 339 F. Supp. 2d 1145, 1148 (D. Kan. 2004) (also observing that the Supreme Court in Malesko did not address whether a Bivens action might lie against individual employees of a federal contractor), *overruled on other grounds by*, Peoples 2005, 422 F.3d 1090 (10th Cir. 2005).[3]

Notwithstanding the Supreme Court's failure to directly address the question of whether a Bivens action could proceed against individual employees of a federal (private) contractor, the Tenth Circuit inferred from Malesko that the Supreme Court would find it unlikely that a plaintiff could proceed under Bivens against individual CCA employees, especially when there are alternative state or federal remedies available to the plaintiff. Peoples 2004, 2004 WL 2278667 at *3-4, *aff'd by* Peoples v. CCA Detention Center, 422 F.3d 1090, 1103, 1108 (10th Cir. 2005) ("Peoples 2005"), *reh'g en banc granted* (Dec. 22, 2005), *judgment aff'd by*, Peoples v. CCA Detention Centers, __ F.3d __, 2006 WL 1377015 (10th Cir. May 17, 2006) ("Peoples 2006"). Indeed, in the Peoples 2005 decision, the Tenth Circuit held that "under Malesko, federal prisoners have no implied right of actions for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury." Peoples 2005, 422 F.3d at 1108. Had there been no subsequent decision in Peoples by the Tenth Circuit, this Court might have agreed with Allen that Plaintiffs could not bring a Bivens action against Allen, an employee of a private contractor to a federal agency.

---

[3] As discussed *infra* in this opinion, it is not clear that the Tenth Circuit's decision in Peoples 2005 reversed the decision in Purkey, in view of the Tenth Circuit's later Peoples 2006 decision.

However, after Allen filed her motions to dismiss in these cases, the Tenth Circuit issued a decision that affirmed the Kansas District Court's decision in Peoples 2004, but vacated the portion of the Peoples 2005 decision that addressed whether a Bivens action could proceed against individual employees of a federal contractor. Peoples 2006, __ F.3d __, 2006 WL 1377015 (10th Cir. May 17, 2006). In Peoples 2006, the Tenth Circuit noted that the panel in Peoples 2005 was "divided on the issue whether Mr. Peoples could maintain an action against the individual defendants, all of whom were employees of Corrections Corporation of America." 2006 WL 1377015 at *1. The Tenth Circuit explained that it subsequently granted rehearing en banc and determined that it was still "evenly divided . . . for substantially the same reasons as are set forth in the panel's majority and dissenting opinions [in Peoples 2005], on the question whether a *Bivens* action is available against employees of a privately-operated prison." Id. Because there was no majority on the *en banc* panel, the Tenth Circuit affirmed the Kansas District Court's opinion – Peoples 2004 by "an equally divided court." Id. The Tenth Circuit then determined that its original panel opinion addressing this issue in Peoples 2005, was therefore "vacated and lacks precedential value." Id. (*citing* Peoples, 422 F.3d at 1096-1108).

This Court carefully reviewed what the Tenth Circuit affirmed and vacated in its 2006 Peoples' decision. As stated, the Circuit Court affirmed Peoples 2004, the decision issued by the Kansas federal district court. However, Peoples 2004 is of little assistance in deciding the Bivens question presented in this case by Allen's motion to dismiss. In Peoples 2004, the Kansas federal district court noted that the Supreme Court most likely would not permit a Bivens action to proceed against individual CCA employees, especially if alternative remedies were available to the plaintiff. But, the Kansas federal court then stated that "because the Tenth Circuit has not fully addressed this

6

issue, the court will assume arguendo that a Bivens action against the individual employees is available and will examine the sufficiency of plaintiff's complaint." Peoples 2004, 2004 WL 2278667 at *4.

In proceeding to examine the plaintiff's claims in Peoples 2004, the Kansas federal court determined that the plaintiff had alleged no facts in support of his due process claims that would entitle him to relief under the Rule 12(b)(6) standards. Id. at *7. In Peoples 2004, the plaintiff alleged that defendants violated his due process rights as a pretrial detainee by placing him in segregation and keeping him in segregation, denying him access to a law library, and denying him unmonitored phone calls to his attorney. Under clearly established law, none of these claims withstood Rule 12(b)(6) scrutiny. Id. at *4-6.

The present case is distinguishable in that Plaintiffs allege, at a minimum, a violation of their First Amendment rights with respect to religious dietary needs. "[I]t was established in this circuit in 1991 that prisoners have a constitutional right to a diet conforming to sincerely held religious beliefs, unless the [prison's] regulation denying that accommodation 'is reasonably related to legitimate penological interest.'" Patel v. United States, 132 F.3d 43, 1997 WL 764570 at *2 (10th Cir. Dec. 4, 1997) (*citing* LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir. 1991) (*quoting* Turner v. Safley, 482 U.S. 78, 89 (1987)). Thus, this is not a case like Peoples 2004 where the plaintiff's claims clearly failed to state a claim upon which relief could be granted.[4]

In addition, while Peoples 2005 might have supported dismissal, the portion of that opinion addressing a Bivens action was vacated and lacks any precedential value. Neither the Supreme Court

---

[4]This not to say that the Court finds Plaintiffs' claims strong. It simply means that, under these circumstances, the Court will not reject the pleadings for failure to state a claim in light of the "powerful presumption" against Rule 12(b)(6) dismissals.

nor the Tenth Circuit has conclusively determined whether a plaintiff may proceed with a <u>Bivens</u> action against employees of a privately-operated prison. Therefore, it does not appear beyond a doubt that these Plaintiffs can prove no set of facts in support of the theory of recovery that might entitled them to relief. *See* <u>Conley</u>, 355 U.S. at 45-46 (discussing Rule 12(b)(6) standard). Accordingly, the Court will not dismiss Plaintiffs' claims as asserted under <u>Bivens</u> against Defendant Allen, and the motions to dismiss are denied.

## II.     SECTION 1983 CLAIMS AGAINST ALLEN

Allen seeks dismissal of Plaintiffs' claims on the alternative ground that any § 1983 claims against her cannot survive because § 1983 apples only to persons acting under color of state law, not federal law. Because Plaintiffs are federal inmates, Allen states she acts under color of federal law, if at all, and not under state law. Thus, according to Allen, any claims premised on § 1983 fail to state a claim as asserted against her.

The Court agrees with Allen that employees at a private company under contract to house federal pretrial detainees are federal rather than state actors. *See, e.g.,* <u>Purkey</u>, 339 F. Supp. 2d at 1148-51 (court believes inmates incarcerated at prisons under contract by the federal government should enjoy same constitutional protections as inmates incarcerated at prisons actually run by the federal court; thus concluding private contracting employees were "federal actors"). Section 1983 does not apply to federal officers acting under color of federal law. <u>Campbell v. Amax Coal Co.</u>, 610 F.2d 701, 702 (10th Cir. 1979).

However, this is of no assistance to Allen at this stage of the proceedings. As she states in her motions to dismiss, Plaintiffs attempt to state a claim under both § 1983 and <u>Bivens</u>. While

Plaintiffs' claims may not proceed against Allen under § 1983, the Court already determined that the Bivens claims survived Rule 12(b)(6) scrutiny.

### III. FAILURE TO STATE A CLAIM

Allen characterizes Plaintiffs' claims as "dissatisfaction with meals" and argues that the claims are based on nothing more that the "size, quality, variety and temperature" of his religious meals. Thus, according to Allen such claims do no state valid constitutional causes of action. In addition, Allen asserts that any deprivations to Plaintiffs are *de minimis* at most. Finally, she argues that she lacks the authority to control or remedy any alleged constitutional improprieties with respect to the inmates' religious diets.

The Court already determined *supra* that the claims based on an alleged denial of food conforming to sincerely held religious beliefs will survive Rule 12(b)(6). The remainder of Allen's arguments are more properly raised at the summary judgment stage.

### Conclusion

For all of the above-stated reasons, the Court denies Defendant Allen's motions to dismiss. By way of separate order, the Court will direct Defendants to submit Martinez reports.

IT IS THEREFORE ORDERED that:

(1) Defendant Allen's motion to dismiss [Doc. No. 13] in Coulthrust (No. CIV 06-24) is DENIED, and

(2) Defendant Allen's motion to dismiss [Doc. No. 14] in Pryce (No. CIV 06-18) is DENIED.

UNITED STATES DISTRICT COURT

9